UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RICHARD D. MOORE,

                       Plaintiff,

    -against-

JOYCE TIBBET D.O. and
HRH CARE COMMUNITY HEALTH,

                  Defendants.
-----------------------------------------------------------X

Index No.:

**COMPLAINT**

TO:    Joyce Tibbet, DO
        6 Henry Street
        Beacon, NY  12508

        HRH Care Community Health
        6 Henry Street
        Beacon, NY12508

S I R S:

    Plaintiff, Richard D. Moore, by and through his attorneys, Murphy & Lambiase,

complaining against the above-entitled Defendants, Joyce Tibbet, DO and HRH Care

Community Health, respectfully alleged as follows:

FIRST CAUSE OF ACTION AGAINST DEFENDANTS
JOYCE TIBBET DO AND HRH CARE COMMUNITY HEALTH

    1.      That at all times hereinafter mentioned, the Plaintiff Richard D. Moore, was and

still is a resident of the County of Dutchess, State of New York, residing at 12 S. Brett Avenue,

Beacon, New York  12508.

    2.      That at all times hereinafter mentioned, upon information and belief, Defendants

Joyce Tibbet DO was and still is a physician duly licensed to practice in the State of new York

with medical offices located at HRH Care Community Health located at 6 Henry Street, Beacon,

New York  12508.

3.     That at all times hereinafter mentioned, upon information and belief, Defendant HRH Care Community Health  was and still is a domestic not-for-profit corporation, duly organized and existing pursuant to the laws of the State of New York, and doing business and/or transacting business in the State of New York, with a principal place of business located at 6 Henry Street, Beacon, New York  12508.

4.     That at all times hereinafter mentioned, Defendant Joyce Tibbet DO, held herself out the Plaintiff and to the general public as a competent and experienced physician, specializing in the filed of family practice.

5.     That at all times hereinafter mentioned, Defendant HRH Care Community Health, held itself out to the Plaintiff and the general public as a qualified community test and treatment center offering quality medical services.

6.     That at all times hereinafter mentioned, upon information and belief, the Defendant Joyce Tibbet DO was a principal and/or medical staff member and/or agent, servant and/or employee of the Defendant, HRH Care Community Health.

7.     That at all times mentioned, upon information and belief, the Defendant, HRH Care Community Health was actively and/or vicariously liable for the culpable conduct of the Defendant, Joyce Tibbet DO.

8.     That at all times hereinafter mentioned, upon information and belief, HRN Care Community Health was deemed a community health center under 43 U.S.C. 201, et. seq.

9.     That upon information and belief, the Federal Torts Claim Act is the exclusive remedy for injuries alleged to have been caused or created by employees of a deemed community health center.

10.     That al all times hereinafter mentioned, Defendant Joyce Tibbet, DO, was an employee of HRH Care Community Health and thus solely subject to suite under the terms and conditions of the Federal Tort Claims Act.

2

11.     That on or about September 12, 2017, Plaintiff caused a SF-95 to be served upon the United States Department of Health & Human Services with regard to Claimant's claim.

12.     That on about December 28, 2017, the claim was denied by the United States Department of health and Human Services.

13.     Consequently, upon exhaustion of his administrative remedies, Plaintiff is now entitled to file suit within six months of the denial of his claim.  This complaint is filed within that six month period.

14.     That on or about the 5th day of November, 2015, the Plaintiff, Richard D. Moore, in reliance upon the aforesaid representations of competence and experience, came under the care of the Defendants, and each of them herein, for his general health, as well as for glucose monitoring due to a diabetic condition.

15.     That on or about the 5th day of November, 2015, Defendants and each of them, deviated from the accepted standards of medical care during the course of the glucose monitoring being performed with respect to Plaintiff.

16.     That the Defendants, Joyce Tibbet DO and HRH Care Community Health, and each of them herein, were actively and/or vicariously negligent and deviated from the accepted standards of medical care, by obtaining a reading of Plaintiff's blood glucose level that read "error", in failing to re-perform the glucose monitoring, in failing to obtain any accurate reading of Plaintiff's blood glucose level; in discharging Plaintiff from the facility while his blood glucose level was unknown, in discharging Plaintiff from the facility with an unknown glucose level with knowledge that Plaintiff has been fasting in preparation for the glucose monitoring; in discharging Plaintiff without any discharge instructions and were otherwise negligent, reckless and careless and deviated from accepted standards of medical care.

17.    That the Defendant, HRH Care Community Health was further negligent, reckless and careless and deviated from accepted standards of medical care buy failing to adequately train personnel in the monitoring of glucose levels; in failing to promulgate and/or enforce proper procedures for glucose monitory and discharge of diabetic patients; in failing to properly screen its medical staff before hiring; in failing to adequately supervise or train its agents, servants and/or employees; and was otherwise negligent, reckless and carless and deviated from the accepted standards of medical care.

18.    That by reason of the foregoing negligence, and deviations from accepted standards of medical care, the Plaintiff, Richard D. Moore, was caused to sustain serious and diverse personal and physical injuries and will, upon information and belief, continue to suffer the effects of such injuries into the future.

19.    That by reason of the foregoing negligence and deviations from the accepted standards of medical care by the Defendants, and each of them, the Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts of competent jurisdiction.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS JOYCE TIBBET DO AND HRH CARE COMMUNITY HEALTH

20.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the paragraphs marked and designed "1" through "19" as if more fully set forth herein at length.

21.    That the injuries sustained by the Plaintiff were of a kind that would not ordinarily occur in the absence of negligence.

22.    That the injuries sustained by the Plaintiff were necessarily caused by agencies or instrumentalities in the exclusive control of the  Defendants.

23.    That the injuries sustained were not due to any voluntary action or contribution on the part of the Plaintiff.

24.    That by reason of the foregoing, the Defendants are liable to the Plaintiff under the doctrine of res ipsa loquitor for compensatory and/or punitive damages.

4

25.     That by reason of the foregoing, the Plaintiff has been damaged in a amount which exceeds the jurisdictional limits of all lower Courts of the competent jurisdiction.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### JOYCE TIBBET DO AND HRH CARE COMMUNITY HEALTH

26.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the paragraphs marked and designed "1" through "25" as if more fully set forth herein at length.

27.     That the Defendants committed an act or series of acts which would otherwise be lawful intentionally and/or with gross negligence, inflicting harm on the Plaintiff.

28.     That the aforesaid acts or series of acts by the Defendants were without adequate excuse or justification.

29.     That the aforesaid acts or series of acts caused the Plaintiff serious and diverse physical injuries together with actual and special damages.

30.     That by reason of the foregoing, the Defendants are liable to the Plaintiff under the doctrine of Prima Facie Tort for compensatory and/or punitive damages.

31.     That by reason of the foregoing, the Plaintiff has been damages in a sum which exceeds the jurisdictional limits of all lower courts of competent jurisdiction.

WHEREFORE, Plaintiff Richard D. Moore, demands judgment against the Defendants as follows:

1.      Compensatory damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS in the Frist Cause of Action.

2.      Compensatory and punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS in the Second Cause of Action.

3.      Compensatory and punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS in the Third Cause of Action.

4.      Costs and disbursements of this action.

5.     Such other, further and different relief as this Court may deem just and

proper.

DATED:     April 12, 2018
           Goshen, New York

Yours, etc.,

Murphy & Lambiase
Attorneys for Plaintiff
26 Scotchtown Avenue
Goshen, NY 10924

By: _____
      George A. Smith, Esq. (0152)

6